BLD-080                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3061
_____

CAROLE DUDLEY SINGH,

Appellant

v.

DAVID C. HARRISON, Attorney at Law
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. D.C. Civil No. 10-cv-2691)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 6, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: 1/24/2011)
_____

OPINION
_____

PER CURIAM

Carole Dudley Singh appeals, *pro se,* from the District Court's final order

dismissing her complaint pursuant to 28 U.S.C. § 1915(e).  For the reasons stated below,

we will summarily affirm.

Singh filed a complaint in the United States District Court for the Eastern District

of Pennsylvania alleging that her sister and David C. Harrison, an attorney, stole $18 million from her. The District Court granted Singh's motion to proceed *in forma pauperis* and dismissed her complaint pursuant to 28 U.S.C. § 1915(e).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Our review of the record reveals no error in the District Court's analysis. The District Court construed Singh's complaint as seeking relief under 42 U.S.C. § 1983 and properly dismissed the claim. A review of Singh's Complaint and her filings before this Court reveals no allegation giving rise to a plausible inference that Defendant David C. Harrison, a private attorney, acted under color of state law or conspired with state actors to deny Singh her constitutional rights. Accordingly, Singh cannot recover under § 1983. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175-76 (3d Cir. 2010) (holding that "[t]o prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action."); see also Reichley v. Pa. Dep't of Agric., 427 F.3d 236, 245 (3d Cir. 2005).[1] We are satisfied that any amendment to Singh's Complaint would have been futile, and thus the District Court properly dismissed without leave to amend. See Grayson v. Mayview

---

[1] In her complaint, Singh did not specify that her cause of action was brought under § 1983. To the extent that her complaint was not filed pursuant to that statute, the District Court lacked jurisdiction over her claim as there is no diversity of citizenship among the parties. See 28 U.S.C. § 1332.

State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

As the appeal presents no substantial question, we will summarily affirm the judgment below. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.